HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TWYLA BAILEY, et al,

        Plaintiffs,

v.

ONE PACIFIC CORPORATION, et al,

        Defendants.

———

RICK ROY BOWLER, Counterclaimant and Third Party Plaintiff,

v.

TWYLA BAILEY et al, Counterclaim Defendants

and

ALVIN E. "BUD" BAILEY, J. DANA PINNEY, GARY ABBOTT PARKS, et al, Third Party Defendants

Case No. C09-5535RBL

ORDER GRANTING MOTIONS TO REMAND

This matter is before the court on the following Motions: Third Party Defendant John Nuepert's Motion to Remand [Dkt. #8]; Third Party Defendants Joseph Vance, Steven E. Turner, Steve Horenstein, and Colleen McMullen's Motion to Remand [Dkt. #10]; and Defendant/Counterclaimant/Third Party

ORDER
Page - 1

Plaintiff Rick Roy Bowler's Motion to Remand [Dkt. #15].

The procedural context of this case is unusually complex, as is the factual background leading to it. In 2006, Plaintiffs Bailey et al filed a class action in Clark County Superior Court. Plaintiffs are homeowners in a development created by Defendant One Pacific, which is apparently owned and/or operated by Defendant/Counterclaimant/Third Party Plaintiff Rick Roy Bowler. The Plaintiffs' law firm was Bailey Pinney and Associates. Plaintiffs alleged, in at least their Third Amended Complaint (filed in March, 2007), that Defendants One Pacific and Bowler engaged in misrepresentation, fraud, and breach of contract, along with other various torts, in creating the development's CC&Rs and generally in building and operating the development. One Pacific and Bowler (and perhaps another Bowler controlled entity, Advanced Electric; the record is unclear) hired Miller Nash's Portland office to represent them.

What occurred over the next 29 months is not in the record, but on August 13, 2009, Defendant Rick Roy Bowler, pro se, filed in Clark County Superior Court a Document entitled "Defendant's Counterclaims for damages under [RICO]; Joinder of Party(s) under Rule 19; Indispensible Parties Necessary for Just Adjudication." [See Dkt. # 1 at Ex 2] Bowler asserted RICO counterclaims against the Plaintiffs, and attempted to join as "Counterclaim Defendants" the Plaintiffs' attorneys (Parks, Bailey, Pinney, and Nelson), and his *own* Miller Nash attorneys (Vance, Turner, Nuepert and McMullen). He asserted RICO claims against the Plaintiff/Counterclaim Defendants and the "joined" "counterclaim defendant" attorneys[1]. Bowler apparently did not obtain the requisite leave of the Superior Court for filing these claims against any of these parties.

On September 2, 2009, Third Party Defendant Gary Abbott Parks (one of the Plaintiffs' attorneys) Removed the Clark County action to this Court. The alleged basis of this court's jurisdiction is Bowler's newly-asserted Federal RICO claims against Parks and the other attorneys, and the Plaintiffs. [Dkt. #1].

---

[1] Because the attorneys were not previously parties, they are properly described as Third Party Defendants, not "counterclaim defendants" or "joined parties."

Parks also alleges that the Removal was timely and that "all procedural requirements of 42 U.S.C. §1446" were met.

A subset of the Third Party Defendant attorneys (Nuepert [Dkt. #8], Vance, Turner, Horenstein and McMullen [Dkt. #10] oppose the Removal and seek remand. They argue that they do not consent to removal, and that unanimity of all defendants is required before removal is appropriate.

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

The general rule is that all defendants must timely join in (or at least consent to) the removal. *See*, for example, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir.1988). There are some limited exceptions. It is accepted, for example, that neither nominal parties, nor parties who have been improperly joined, must consent to the removal, and their failure to do so will not defeat removal jurisdiction. *See* 14C Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3731 at n. 20, 21 (1998). While it is not always necessary for defendants who have not yet been served to join in the removal, "where fewer than all the defendants have joined in a removal action, the removing party has the burden under §1446 to explain affirmatively the absence of any co-defendants *in the notice for removal*." *See Prize Frize, Inc., v. Matrix, Inc*., 167 F.3d 1261, 1266 (9th Cir. 1999), *overruled on other grounds by Abrego Agrego v The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) (emphasis added, numerous internal citations omitted).

This case is unusual in that *none* of the Third Party Defendant attorneys (and perhaps none of the

ORDER
Page - 3

counterclaim defendants) have been properly served with Bowler's "counterclaims" against them. However it is also clear that as attorneys representing existing parties, all of them had equal notice of the filing in state court which Parks claims was the basis for removal. Parks argues without direct citation that this means unanimity is not required. He does not address the fact that his Notice of Removal does not address in any context the status of service on any of the parties, and does not make any attempt to affirmatively explain the absence of his would-be co-third party defendants in that Notice.

Nuepert et all argue that their consent was required under these circumstances, and alternatively that the Notice of Removal is premature, as even Parks had not been served and the State Court had not yet permitted Bowler to file the triggering pleading.

The court is inclined to agree with these arguments. There is no authority cited, and none found, for the proposition that a procedurally defective, unserved state court filing triggers a unilateral right for one defendant to remove over others' objections a case that has been contentiously litigated for three years in state court. In any event, it is sufficient to say that under *Prize Frize*, Parks' Notice of Removal was fatally defective.

The Motions to Remand [Dkt. #s 8, 10, and 15] are therefore GRANTED and this matter is REMANDED to the Clark County Superior Court for the State of Washington. All other pending motions are DENIED as moot.

///

//

/

1       The Clerk is directed to send certified copies of this Order to the Clerk of the Clark County Superior Court and to counsel and pro se parties of record. The Court will not entertain a motion for costs.

      IT IS SO ORDERED.

      Dated this 28th day of October, 2009.

*(signature)*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE